UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 19-CR-119

ANDY LLOYD HUEBSCHMANN,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Rebecca Taibleson, Assistant United States Attorney, and the defendant, Andy Lloyd Huebschmann, individually and by attorney Michael Steinle, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in a one-count information, which alleges a violation of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

3.    The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

*THE UNITED STATES ATTORNEY CHARGES THAT:*

*In or about March of 2015, in the State and Eastern District of Wisconsin and elsewhere,*

*ANDY LLOYD HUEBSCHMANN*

*knowingly and willfully exported and caused to be exported from the United States to Australia defense articles, that is, a rifle kit including a Model GA 9mm lower receiver, upper receiver, barrel, trigger control group, bolt carrier, and pistol grip, which were and are designated as defense articles on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export.*

*In violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.*

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

   a. Until 2016, and at all times relevant here, Andy Huebschmann was the proprietor of firearm manufacturing companies Thureon Defense, LLC, and Sunny Hill Enterprises, LLC, in New Holstein, Wisconsin. Huebschmann was the holder of a Federal Firearms License and was licensed to manufacture and deal firearms.

   b. In approximately 2012 or 2013, Huebschmann met an Australian criminal and gun enthusiast named Paul Munro at the Shooting, Hunting, and Outdoor Trade Show in Las Vegas, Nevada, where Huebschmann was an exhibitor.

2

c. Between 2013 and 2016, Huebschmann manufactured numerous firearms and firearm parts for Munro and caused them to be exported to Australia. These exports included rifle kits, which contained the component parts for rifles that could function with either semi-automatic or fully automatic triggers, and 1911 firearm frames that could be assembled into completed pistols. These items were and are all on the United States Munitions List, and a license or other written approval from the Department of State was required to lawfully export them from the United States. Huebschmann exported those items from the United States illegally, failing to obtain the required export licenses and repeatedly shipping guns in containers designed to hide the presence of firearms therein.

d. In early 2015, for example, Munro asked Huebschmann for six rifle kits. The kits included a Model GA 9mm lower receiver, upper receiver, barrel, trigger control group, bolt carrier, and pistol grip, which were and are designated as defense articles on the United States Munitions List. These kits were identical to those Huebschmann had previously sold to Munro, except that in 2015 Huebschmann removed any "Thureon" markings from the rifle components. Huebschmann removed this branding at Munro's request, after Munro told Huebschmann that one of the guns had been "picked up" by law enforcement in Australia. Huebschmann manufactured these firearm components without any markings, including serial numbers.

e. Munro, with assistance from others, constructed a shipping crate that had a secret compartment concealed in the floor and delivered the crate to Huebschmann at Thureon's office in Wisconsin. Huebschmann packed the crate with six rifle kits, as well as thirty 1911 slides and frames. In March of 2015, Huebschmann sent the crate to a freight forwarder in California, at Munro's instruction, aware that the crate was destined for Australia. Huebschmann knew he needed an export license for the shipment of firearms, but he did not apply for or obtain an export license for the shipment.

f. Huebschmann was paid $1,000 for each rifle kit and a total of $2,000 for the 1911 slides and frames he shipped in March of 2015.

g. In 2016, Australian law enforcement recovered a Huebschmann-manufactured fully-automatic machine gun after it was used in a high-profile armed robbery.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years

3

and $1,000,000. The count of conviction also carries a mandatory special assessment of $100, and a maximum of 3 years of supervised release.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of violating the Arms Export Control Act, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant exported, attempted to export or caused to be exported from the United States a defense article listed on the U.S. Munitions List;
>
> Second, a license or other written approval was required from the Department of State to lawfully export the defense article;
>
> Third, the defendant did not obtain a license or written approval for the export from the Department of State; and
>
> Fourth, the defendant did such acts willfully.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The

4

parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 26 under Sentencing Guidelines Manual § 2M5.2(a)(1).

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the

5

defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

19. Each party is free to recommend whatever sentence it considers to be appropriate.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court

will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Special Assessment

23. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Abandonment and Consent to Forfeiture of Certain Firearms

24. The defendant agrees to surrender and relinquish all rights, title, and interest in, and all claims to, the four below-described firearms so that those four firearms may be administratively forfeited or otherwise disposed of by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in accordance with law:

- Rifle, Thureon Defense LLC, Model GA, 9 mm, bearing serial number BA1892

- Pistol receiver/frame, Remsport MFG., caliber unknown, unserialized
- Pistol, Iberia Firearms, model JCP, .40 caliber, bearing serial number X7240800
- Pistol, Armscor of the Philippines, model 1911A1, 9mm, bearing serial number RIA1618839

The defendant understands and agrees that the government may forfeit each of the above four firearms via federal administrative or judicial forfeiture process or may otherwise dispose of those four firearms in accordance with law, including destroying those four firearms as abandoned property or as contraband material. The defendant consents to any such actions as to each of these four firearms. If the government chooses to forfeit the four firearms, administratively or judicially, the defendant waives any time limits applicable to the forfeiture of the firearms as well as any right he has to further notice of forfeiture, including any rights to notice under Title 18, United States Code, Section 983, and Title 19, United States Code, Section 1607. The defendant agrees to take all steps as requested by the government to complete his abandonment and to facilitate the forfeiture of the firearms, including completing an ATF Form 3400.1 as to all four firearms. The defendant acknowledges that an ATF Form 3400.1 has been provided to his counsel for that purpose and the defendant agrees to complete that form as to all four firearms before sentencing.

## DEFENDANT'S COOPERATION

25. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree

8

that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be

9

> entitled to compulsory process to call witnesses.

   e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

27. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

30. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction

proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## Further Civil or Administrative Action

31. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

11

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor

12

Case 1:19-cr-00119-WCG   Filed 06/28/19   Page 12 of 14   Document 2

agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6-24-19

ANDY LLOYD HUEBSCHMANN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 6-26-19

MICHAEL STEINLE
Attorney for Defendant

For the United States of America:

Date: 6/27/19

MATTHEW D. KRUEGER
United States Attorney

Date: 6/27/19

REBECCA TAIBLESON
Assistant United States Attorney