UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.     Case No. 19-CR-119

ANDY LLOYD HUEBSCHMANN,

    Defendant.

## ORDER DENYING MOTION TO REDUCE SENTENCE

On August 5, 2019, Andy Lloyd Huebschmann entered a plea of guilty to one count of Illegal Export of Firearms, and on December 16, 2019 was sentenced to 24 months in prison to be followed by 1 year of supervised release. On June 10, 2020, Huebschmann filed a motion requesting this court reduce or alter his sentence to allow him to return home to his family.

Generally, a sentencing court has no authority to reduce a defendant's lawful sentence after it is imposed, absent a Rule 35 motion to reduce the sentence for substantial assistance filed by the Government. Fed. R. Crim. P. 35(b). An exception to the general rule exists where "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements of the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Huebschmann has alleged no facts that would support such a claim. He simply notes that his wife and children are the ones bearing the brunt of the punishment imposed on him. This is true of most cases where the defendant has dependents, which makes it all the more egregious that the defendant committed a crime that risked taking him away from his family.

Huebschmann also asks the court to place him on home confinement so that he can fulfill his responsibility to support his family. The court has no authority to designate where a defendant serves his or her sentence, once imposed. The Bureau of Prisons (BOP) is tasked with determining where a defendant sentenced to its custody is placed. 18 U.S.C. § 3621(b). Although Congress has authorized the BOP to lengthen the portion of a prisoner's sentence that may be spent in home confinement in enacting the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, placement in home confinement for service of a sentence remains the decision of the BOP. For this reason, the court is unable to take any action on the request. The motion, Dkt. [18], is therefore denied.

Dated at Green Bay, Wisconsin this 19th day of August, 2020.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

2

Case 1:19-cr-00119-WCG   Filed 08/20/20   Page 2 of 2   Document 19